OPINION
BARRY, Circuit Judge.
William Colon received the statutory maximum of 120 months’ imprisonment after a jury found him guilty of possession of *89 a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). In this appeal, he contends that the District Court erred in admitting the testimony of two jailhouse informants and in calculating his Guidelines range. We will affirm.
I. Background
A. The First Trial and the Motion in Limine
On April 30, 2009, a grand jury returned an indictment charging Colon with one count of possessing a firearm as a convicted felon. Trial began on September 16, 2009, and it ended with a hung jury.
Prior to the re-trial, the government moved to admit the testimony of two newly discovered witnesses, Hon Phock and Sica Lam. Each would testify that Colon had told them, while incarcerated at the Federal Detention Center in Philadelphia, that he possessed a gun on the night in question because he was going to shoot a man named “Face” over a drug debt.
Prior to the re-trial, the District Court first heard argument on the motion in limine, indicating that it understood Colon’s argument “[t]hat it’s going to be confusing, and ... the prejudicial effect will outweigh the probative value.” (A104.) It ultimately decided not to rule on the motion until during the re-trial, at which time it explained,
I guess it has been said that he either was going to shoot someone, or he was going to shoot a drug dealer over a PCP debt.... [T]he fact that he was going to shoot someone I think is a different way of saying that he had a gun.
Not that separate from that to that effect is also an admission. That is, you can’t shoot somebody unless you have a gun. I think that’s a reasonable interpretation. ...
(A261.) Slightly later, it ruled,
[M]y take on what is going on here is that the statements by the two inmates would be admissible to the extent that they can testify that the defendant admitted to the possession of the gun in the night in question, and that the defendant had admitted that he possessed the gun because he intended to shoot someone that evening.
... I find that both the possession of the gun and shooting someone would be intrinsic evidence. Additionally, under 404(b), that evidence would have proper purpose to show the circumstances of the case, and the reason why the defendant who now denies having the gun, had a gun that night. It would also be relevant in that this is a possession ease, and the probative value, that is the admission, is not substantially outweighed by any amount of unfair prejudice.
(A264-65.) The District Court thus permitted Phock and Lam to testify that Colon admitted to possessing the gun because he was going to shoot a man named Face, but excluded any testimony as to a drug debt.
B. The Evidence at the Re-trial
1. The Officers
At the re-trial, the principal testimony was that of Philadelphia Police Officers Rollie Ramos and Joseph Slobodrian. Each testified that on the night of April 11, 2009, théy were assigned to patrol Philadelphia’s 25th District. While heading northbound on the 2900 block of 5th Street, they noticed Colon, whom they believed was walking suspiciously and had his hands near his waistband. Colon would not answer the officers’ questions about what he was doing in the area and began to run.
*90 Colon ignored the officers’ repeated commands to stop and instead ran towards a lot covered in debris and glass. To prevent him from reaching the lot, Ramos discharged his Taser into Colon’s back. Colon refused to place his hands behind his back and instead attempted to run. After Ramos discharged the Taser two more times, the officers subdued Colon and placed him in handcuffs. Slobodrian, who actually cuffed Colon, testified that he was unable to cuff him as securely as he typically would. Slobodrian quickly frisked Colon, though he also did not do so thoroughly.
As Slobodrian led Colon to the police cruiser, Colon broke free. Although his hands were cuffed, he was able to access a hidden handgun and — according to Slobod-rian’s testimony — point the gun at both officers. The gun fell to the floor without being fired, but during the ensuing scuffle, Colon repeatedly kicked the officers, and the officers punched and kicked Colon. Ramos also discharged the Taser at him four more times. Colon was eventually subdued, and the firearm was recovered.
2. The Informants
Consistent with the District Court’s ruling on the motion in limine, both Phock and Lam testified that Colon had informed them that he possessed the gun on the night in question because he was planning to shoot a man named Face.
C. Sentencing
At the sentencing hearing on May 27, 2010, the District Court adopted the Pre-Sentence Report (“PSR”) in substantial part. The PSR calculated that the base offense level was 20, pursuant to U.S.S.G. § 2K2.1(a)(4). It added two levels pursuant to § 2K2.1(b)(4)(A), because the firearm was stolen; four levels pursuant to § 2K2.1(b)(6), because Colon used or possessed the firearm in connection with another felony offense, and six levels pursuant to § SA1.2(c), because Colon had assaulted a law enforcement officer during the offense.
The District Court accepted each of the enhancements except the two-level enhancement for the stolen firearm, yielding a total offense level of 30. Given Colon’s criminal-history category of III, this yielded an advisory range of 121 to 151 months (without regard to the statutory maximum of 120 months). The District Court ultimately imposed the maximum lawful sentence of 120 months.
II. Discussion[1]
A. The Evidentiary Ruling
Colon’s main contention is that by permitting Phock and Lam to testify that he intended to shoot “Face,” the District Court violated Federal Rule of Evidence 403, which provides that relevant evidence may excluded “if its probative value is substantially outweighed by the danger of unfair prejudice.” Fed.R.Evid. 403. While Colon does not fault the District Court for permitting Phock and Lam to testify that he had admitted possessing the gun, he argues that the additional information that he planned to shoot Face would only inflame the jury.
Because the District Court explained its evidentiary ruling on the record, we review that ruling for abuse of discretion. United States v. Murray, 103 F.3d 310, 318 (3d Cir.1997). Colon cannot show such an abuse, for as we have previously held, a *91 motive to commit gun violence may be properly admitted in a prosecution for unlawful possession of a firearm:
The Dissent questions whether motive is “relevant in a case such as this ... [because] we are not faced with a situation where answering ‘why[1] would help solve the crime.... ” Motive is one of the permissible purposes listed in Rule 404(b) not because the “why” helps solve a crime, but because it is highly relevant to show that a defendant had a motivation to commit the crime for which he is being charged. In a case like this, where Lee is asserting that he never had a gun on the day in question, it is important to know that he had a personal motivation to possess a gun. Indeed, someone who is involved in an ongoing feud — a feud during which guns have been used — is far more likely to have a gun in his possession than someone who is not involved in such a feud.
United States v. Lee, 612 F.3d 170, 187 n. 19 (3d Cir.2010) (citation omitted and emphasis added); see also United States v. Harris, 587 F.3d 861, 868 (7th Cir.2009) (holding that evidence of gang membership was admissible because “[t]he testimony also reflected Harris’s motive for possessing these particular firearms”); United States v. Weems, 322 F.3d 18, 25 (1st Cir.2003) (holding that evidence that defendant’s residence “was a drug house” was relevant because it “gave Weems a motive to have the gun on him”).
In light of our precedent holding that evidence of motive is admissible to prove possession of a firearm, the District Court’s evidentiary ruling was not an abuse of discretion.
13. The Sentencing Issues
Colon also challenges the two sentencing enhancements applied by the District Court that arose from his assault of the officers (that is, § 2K2.1(b)(6) and § 3A1.2(c)). We “review factual findings relevant to the Guidelines for clear error.” United States v. Grier, 475 F.3d 556, 570 (3d Cir.2007). ‘When a sentencing court clearly errs in making factual findings, the resulting sentence will generally be deemed unreasonable and, subject to the doctrines of plain and harmless error, will result in remand to the district court for resentencing.” United States v. Ali, 508 F.3d 136, 143 (3d Cir.2007).
In applying these two enhancements, the District Court noted that “both officers testified that the defendant pointed the gun at them during the course of an arrest.” (A553.) As Colon argues, this recollection was incorrect; Slobodrian testified that Colon pointed the gun at him and Ramos (A302), but Ramos testified that he did not see the handgun until it had fallen to the floor. (A177.) This error was harmless, however, as Slobodrian’s undisputed testimony that the gun was pointed at him was a sufficient basis for the District Court to apply the two enhancements. In other words, had the District Court found that the gun was pointed only at Slobodrian, its Guidelines calculations would have been identical. Because Colon does not raise a challenge to the substantive reasonableness of his sentence, we need not determine whether the District Court’s incorrect recollection of Ramos’s testimony might have been relevant under Section 3553.[2]
III. Conclusion
We will affirm the judgment of the District Court.

. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

. Colon also contends that 18 U.S.C. § 922(g) exceeds Congress's power under the Commerce Clause. We have considered and rejected this argument, and as Colon concedes, we are bound by United States v. Singletary, 268 F.3d 196 (3d Cir.2001).